CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 30 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FRIEL MONROE HAWKS,<br>    Plaintiff, | )<br>)<br>) | Civil Action No. 7:18-cv-00232 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| NRVRJ, et al.,<br>    Defendants. | )<br>)<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Friel Monroe Hawks, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff specifically lists four defendants: the New River Valley Regional Jail ("NRVRJ"); Superintendent Gregory Winston; Dr. Miller; and "All NRVRJ Employees." This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing the complaint, I dismiss the complaint without prejudice for failing to state a claim, deny the motion for a TRO, and grant Plaintiff leave to amend.

The complaint presents eight claims. Claim one alleges that non-defendant NRVRJ staff injures him by adding poisonous and pharmaceutical substances to his food. Claim two alleges that Dr. Miller injured him by prescribing "Meloxicam," which contains an ingredient that is documented in Plaintiff's fifteen-year medical history as an allergen. Claim three complains about the availability of the jail's administrative remedy forms. Claim four alleges that non-defendant NRVRJ staff injured him by using excessive force and placing him in segregation for twenty-three days. Claim five alleges that he feels pain and is injured because "medical . . . refuses to grant [him] access to a wheelchair as required under the [Americans with Disabilities Act]." Claim six alleges that he is injured by the poor water quality at the NRVRJ. Claim seven complains about the way food is served and trays are sanitized. Claim eight alleges that he is

---

[1] With the complaint, Plaintiff filed a "petition for immediate injunctive relief," which I construe as a motion for a temporary restraining order ("TRO").

being injured by confinement in segregation for twenty-three hours a day because of his medical condition.[2]

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim."[3] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

---

[2] Plaintiff also notes that although he is interested in pursuing in the future an additional claim about the denial of food and a specific diet, he is not prepared to pursue that claim now.

[3] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Neither the NRVRJ nor "All NRVRJ Employees" is an appropriate defendant to a § 1983 action. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893-94 (E.D. Va. Apr. 13, 1992) (reasoning jails are not appropriate defendants to a § 1983 action); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, at *3-4, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "all employees," is not a "person" for purposes of § 1983). Also, Plaintiff does not allege any act, omission, policy, or custom personally attributable to Superintendent Winston, and liability under § 1983 may not be predicated on the theory of respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7, 691-94 (1978).

Plaintiff alleges that Dr. Miller negligently prescribed "Meloxicam," which caused an allergic reaction. Plaintiff also alleges that his sensitivity to an ingredient in "Meloxicam" is documented in fifteen years worth of medical records in Dr. Miller's possession. This claim of negligence is insufficient to state a claim under § 1983. Furthermore, the alleged fact that Dr. Miller could have discovered the relevant document about an allergen is not alone sufficient to present a plausible Eighth Amendment claim of deliberate indifference. See, e.g., Danser v. Stansberry, 772 F.3d 340, 348 (4th Cir. 2014) (recognizing the availability of a relevant document that would have prevented the injury was not material to whether an actor actually appreciated the risk of harm).

Accordingly, I dismiss the complaint without prejudice for failing to state a claim against the current defendants and upon which relief may be granted. Relatedly, the motion for a TRO is

denied because Plaintiff fails to satisfy the notice requirement for a TRO and the element that he is likely to succeed on the merits of the dismissed complaint. See, e.g., Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

To the extent Plaintiff may be able to state claims against a "person" subject to § 1983, Plaintiff is granted ten days to file a motion to amend the complaint that states a claim upon which relief may be granted against a person acting under color of state law. See, e.g., Gordon, 574 F.2d at 1152. Plaintiff may find it preferable to take longer than ten days to consult legal resources, think about his allegations, and file a new complaint in a new and separate action. If Plaintiff chooses not to file the motion within ten days, the case will be closed without prejudice, and Plaintiff would not be prejudiced because he is allowed to file a complaint in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989); Va. Code § 8.01-243(A); see also Ryan v. Gonzales, 133 S. Ct. 696, 708 (2013) (noting district court's discretion to manage its own dockets).

If Plaintiff instead rushes and chooses to seek an amendment in this case, he should know that a court may dismiss an amended complaint with prejudice as frivolous or for failing to state a claim upon which relief may be granted and assess a "strike." Plaintiff should understand that he is allowed only three "strikes" from both complaints in district courts and appeals in courts of appeals before he is no longer allowed to proceed in forma pauperis without prepaying the $400 filing fee absent certain conditions. Congress created this "three-strikes" rule as an economic incentive for prisoners to "stop and think" before filing a complaint. See, e.g., Rogers v. Bluhm,

4

No. 1:07cv1177, 2007 U.S. Dist. LEXIS 91646, at *2, 2007 WL 440187, at *1 (W.D. Mich. Dec. 13, 2007).

**ENTER**: This 30th day of May, 2018.

/s/ Jackson L. Kiser
Senior United States District Judge